# 24-3025

## United States Court of Appeals

### *for the*

## Second Circuit

LEON BLACK,

*Defendant-Petitioner,*

— v. —

JANE DOE,

*Plaintiff-Respondent.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## ANSWER IN OPPOSITION TO PETITION TO APPEAL AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1292(b)

Douglas H. Wigdor
Jeanne M. Christensen
Meredith A. Firetog

WIGDOR LLP
*Counsel for Plaintiff-Respondent*
85 Fifth Avenue, 5th Floor
New York, New York 10003
(212) 257-6800

December 2, 2024

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION .................................................................................1

STATEMENT OF THE ISSUE...............................................................2

PROCEDURAL HISTORY.....................................................................3

STATEMENT OF THE CASE.................................................................4

LEGAL ARGUMENT.............................................................................6

I. THE VGMVPL IS NOT PREEMPTED BY THE CVA ...............................6

    A. The VGMVPL Creates a Cause of Action.............................7

    B. The First Department Decided That the VGMPVPL Is Not
    Preempted...............................................................................9

        1. *Engelman v. Rofe* ...................................................9

    C. Other Decisions Follow *Engelman* .....................................10

    D. The CVA Statute Makes Clear It Does Not Preempt Other
    Limitations Periods................................................................11

    E. There is No Conflict Preemption .........................................13

II. A "SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION"
DOES NOT EXIST ........................................................................14

    A. One Sentence of *Dicta* is Not "Substantial Grounds".........15

III. GRANTING DEFENDANT-PETITIONER'S REQUEST WILL NOT
PROVIDE IMMEDIATE MATERIAL ADVANCEMENT TO THE
TERMINATION OF THE LITIGATION....................................................18

CONCLUSION.....................................................................................20

i

# **TABLE OF AUTHORITIES**

**Cases**            **Page(s)**

Arizona v. United States,
    567 U.S. 387 (2012) .........................................................................17

Bellino v. Tallarico,
    No. 24 Civ. 0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) .. 1, 15, 16

Cohen v. Bd. of Appeals of Vill. of Saddle Rock,
    100 N.Y.2d 395 (2003) .....................................................................14

Cordero v. Epstein,
    869 N.Y.S.2d 725 (N.Y. Sup. Ct. 2008)..............................................12

Crosby v. Nat'l Foreign Trade Council,
    530 U.S. 363 (2000) .........................................................................17

Doe v. Gooding,
    No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y. April 13, 2022) ... passim

Engelman v. Rofe,
    144 N.Y.S.3d 20 (1st Dep't 2021) ................................................. 9, 10

Hermes Int'l,
    590 F. Supp. 3d ............................................................... 16, 17, 19, 20

In re Enron Corp.,
    2007 WL 2780394 (S.D.N.Y.  2007) .................................................14

Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.,
    96 F.4th 539 (2d Cir.)..................................................................... 18, 19

Lansdown Ent. Corp. v. New York City Dep't of Consumer Affairs,
    74 N.Y.2d 761 (1989) .......................................................................17

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,
    739 F.3d 45 (2d Cir. 2013)..................................................................11

Levy v. Endeavor Air Inc.,
   2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024) ..............................................15

Linzy v. Uber Techs., Inc.,
   No. 21 Civ. 05097 (ER), 2024 WL 2882186 (S.D.N.Y. June 7, 2024) ...............15

New York City Health & Hosps. Corp. v. Council of the City of New York,
   303 A.D.2d 69, 74 (1st Dep't 2003)......................................................................17

Nitkewicz v. Lincoln Life & Ann. Co. of N.Y.,
   49 F.4th 721 (2d Cir. 2022)....................................................................................18

U.S. Underwriters Ins. Co. v. Kenfa Madison, LLC,
   2023 WL 5617772 (E.D.N.Y.  2023).....................................................................17

Statutes

28 U.S.C. § 1292(b) .................................................................................... 4, 14, 19

N.Y.C. Admin. Code § 10-1105 ..........................................................................5, 11

N.Y.C. Admin. Code § 10-1104 .................................................................................7

Rules

CPLR § 201 ...............................................................................................................9

CPLR § 214............................................................................................... passim

CPLR § 215................................................................................................................11

Fed. R. App. P. 5.......................................................................................................22

Fed. R. App. P. 32.....................................................................................................22

iii

## INTRODUCTION

On September 27, 2024, the United States District Court for the Southern District of New York (Clarke, J.) denied Defendant-Petitioner's Motion to Dismiss, finding that New York City's Victims of Gender-Motivated Violence Protection Law's Revival Statute ("VGMVPL") is not preempted by New York State's Child Victims Act ("CVA"). Dist. Ct. Doc. No. 106. The district court held that neither field preemption nor conflict preemption barred the VGMVPL. The Court's well-reasoned opinion showed that whether the CVA preempted the VGMVPL is not a "coin flip" issue that courts are bound to disagree on. Rather, the majority of relevant case law that supports the holding that the VGMVPL is not preempted is correct, and the one case which said otherwise in *dicta* is not.

Defendant-Petitioner has seized on the *dicta* in the sole case that could possibly support his position, *Bellino v. Tallarico*, No. 24 Civ. 0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024), *appeal withdrawn*, No. 24-763, 2024 WL 3170987 (2d Cir. Apr. 4, 2024), and claims it is sufficient to justify his petition herein. Doc. No. 2.2 at 10-12. Although the district court granted Defendant-Petitioner's request to certify the question to this Court, Judge Clarke refused to stay discovery and the parties have exchanged discovery, and issued multiple nonparty subpoenas. Thus, granting the petition will not avoid further discovery that is already underway. Moreover, the resolution of this appeal is unlikely to provide any

"immediate" material advancement to the termination of the litigation in the district court, as this Court would almost certainly need to certify the question raised to the New York Court of Appeals. Here, the New York Court of Appeals has not addressed the preemption question Defendant-Petitioner raises, and although there is an Appellate Division case that touches upon the issue, the district court below acknowledged that the decision is not quite on point, and therefore there is no authoritative state court interpretations of the statutory language that would allow this Circuit to resolve this question absent certification to the highest court of New York State. Thus, Defendant-Petitioner's argument that this Court's grant of his petition would result in speedy resolution of the underlying matter is unconvincing, as the certification process would likely take years to fully conclude.

## STATEMENT OF THE ISSUE

Whether the New York City's Victims of Gender-Motivated Violence Protection Law's Revival Statute ("VGMVPL") is preempted by New York State's Child Victims Act ("CVA") despite the plain language of the relevant statutes and the complete lack of precedent holding that it is.

## PROCEDURAL HISTORY

Plaintiff-Respondent commenced her action on July 25, 2023. Dist. Ct. Doc. No. 1. On August 10, 2023, Plaintiff-Respondent filed a motion to proceed anonymously that was granted. Dist. Ct. Doc. No. 6; Dist. Ct. Doc. No. 16. On September 20, 2023, Defendant-Petitioner filed a motion for sanctions pursuant to Rule 11. Dist. Ct. Doc. No. 22. Subsequent to that motion, on September 29, 2023, Defendant-Petitioner filed his motion to dismiss on the grounds that the Complaint filed pursuant to the VGMVPL was untimely because the CVA preempted the VGMVPL's provision extending the time to commence actions under this statute. Dist. Ct. Doc. No. 40. When Plaintiff-Respondent attempted to initiate discovery, on December 8, 2023, Defendant-Petitioner filed a motion to stay discovery. Dist. Ct. Doc. No. 74.

On September 27, 2024, the district court denied Defendant-Petitioner's motion to dismiss. Dist. Ct. Doc. No. 106. On that same date, the district court denied Defendant-Petitioner's motion for sanctions under Rule 11 and ordered the parties to proceed to discovery. Immediately thereafter, Defendant-Petitioner filed a motion to force Plaintiff-Respondent to proceed in the litigation under her full name and be prohibited from using Jane Doe. Dist. Ct. Doc. No. 117. Plaintiff-Respondent opposed this motion (Dist. Ct. Doc. No. 127) and it remains pending before the district court.

On August 20, 2024, Plaintiff-Respondent sought leave to amend her Complaint which the district court granted, and on November 7, 2024, the first amended complaint was filed. Dist. Ct. Doc. No. 152.

The district court entered its order on November 8, 2024 granting Defendant-Petitioner permission to seek an appeal to certify a question of controlling law pursuant to 28 U.S.C. § 1292(b) to this Court which "may thereupon, in its discretion, permit an appeal to be taken from such order." Section 1292(b). Dist. Ct. Doc. No. 153.

## STATEMENT OF THE CASE

Plaintiff-Respondent alleges that at age 16, she was brutally raped by Defendant-Petitioner in the Manhattan home of now-deceased Jefferey Epstein. She alleges that she was made to go with Defendant-Petitioner to a room in Epstein's townhouse and subjected to painful use of adult sex toys in her anus and vagina. Dist. Ct. Doc. No. 152 at 2-3, 13-17. Plaintiff-Respondent, who is autistic, alleges that her members of her family and close family friends were involved in bringing her to Epstein's townhouse and to Black.

On July 25, 2023, Plaintiff-Respondent commenced an action against Defendant-Petitioner asserting a cause of action pursuant to the VGMVPL alleging that Defendant-Petitioner sexually assaulted. Pursuant to the VGMVPL, Plaintiff-

Respondent timely commenced this action because on January 9, 2022, an amendment to the VGMVPL took effect, which reads in relevant part:

> Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022.

N.Y. Code § 10-1105(a).[1] Nowhere in the VGMVPL is there a requirement that a person must be a certain age, such as under 18 or over 18, when the underlying violence occurred to assert a claim pursuant to this law. Despite this undisputed fact, Defendant-Petitioner filed a motion to dismiss the Complaint based on his suggestion that Plaintiff-Respondent's cause of action was preempted by the CVA which created a period for child victims of sexual violence to assert civil causes of action regardless of the applicable statute of limitations of claims asserted. *See* N.Y. C.P.L.R. ("CPLR") § 214-g.[2]

---

[1] The two-year period is March 1, 2023 to March 1, 2025. The amendment was introduced in July 2021 by Councilwoman Carlina Rivera. Hearings were held in November and December 2021, and the amendment was enacted on January 9, 2022. https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=5072017&GUID=BA4C2A62-23E0-4AB2-B3A1-AC18F53C9993.

[2] The relevant language of CPLR § 214-g reads: "Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty (130) of the penal law committed against a child less than eighteen years of age, . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, . . . is hereby revived, and action thereon

The "lookback" period under the CVA was August 2019 to August 2021. Defendant-Petitioner's meritless contention is because Plaintiff-Respondent's Complaint alleges that she was a minor at the time of the sexual assault, she had to assert her claims against him between August 2019 and August 2021, including her claim under the VGMVPL. Critically, Defendant-Petitioner was unable to cite favorable legal precedent for his novel preemption claim because no such legal precedent exists. For the reasons that follow, Defendant-Petitioner's petition to appeal should be denied in its entirety.

## LEGAL ARGUMENT

## I.   THE VGMVPL IS NOT PREEMPTED BY THE CVA

The VGMVPL is not preempted by the CVA. First, the CVA was enacted by the New York State Legislature in 2019, reviving the statute of limitations for civil claims related to sexual offenses committed against minors. The CVA revived previously expired claims, and initially allowed claims to be commenced between August 14, 2019 and August 14, 2020, but extended the lookback another year to August 2021, due in part to COVID-19. *See* CPLR § 214-g. Second, nowhere in the CVA did the State Legislature evince an intent to provide an exclusive remedy for people who experienced sexual assault as a minor, although it had the power to

---

may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section."

do so. To the contrary, the CPLR states, "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id.* Indeed, the "notwithstanding" language that begins CPLR § 214-g makes clear that the State Legislature acknowledged that other limitations periods may apply to claims that fall under the statute.

A.   **The VGMVPL Creates a Cause of Action**

In 2000, the New York City Council adopted the VGMVPL to create a civil cause of action for a "crime of violence motivated by gender," and required that a claim must generally be asserted "within seven years after the alleged crime of violence motivated by gender occurred." N.Y.C. Admin. Code §§ 10-1104-1105(a). The law provides for specific types of relief, including compensatory and punitive damages, injunctive and declaratory relief, attorney's fees and costs, and other remedies as a court may deem appropriate. The 2022 amendment to the VGMVPL does not alter this fact. Specifically, the New York City Council amended the VGMVPL to revive VGMVPL claims that had already expired, for a two-year period, from March 1, 2023 to March 1, 2025. *Id.* Nothing about the amendment changes the fact that the VGMVPL constitutes its own cause of action under which plaintiffs like Plaintiff-Respondent may bring claims.

Defying logic, Defendant-Petitioner attempts to categorize the VGMVPL as functioning the same as the CVA which does not provide for an independent cause

7

of action or grant the ability for a court to award specific relief and damages. Instead, the CVA merely revives previously extinguished causes of action for a finite period, provided the underlying conduct constitutes "a sexual offense as defined in article one hundred thirty of the penal law." This truth is abundantly clear as noted by countless legal commentaries regarding the 2022 amendment, for example:

> Though the VGMVPL amendment is a revival statute like the [Adult Survivor's Act, or "ASA"], the VGMVPL creates an independent cause of action under which a plaintiff has a right to sue, whereas the ASA only revives expired claims available under other laws. Because the VGMVPL creates its own cause of action, it provides for specific types of relief, including compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees and costs, and other remedies as a court may deem appropriate. In contrast, the relief available under an action authorized by the ASA is limited to the remedies provided for under the primary law.

*See* https://www.weil.com/-/media/mailings/employer_update_august-2022.pdf. (citations omitted). Following enactment of the CVA, the State legislature enacted CPLR § 214-j, known as the Adult Survivors Act ("ASA") which parallels the CVA except that it applies to sexual offenses committed against persons 18 years or older at the time of the offense. *See* CPLR § 214-j. Contrary to Defendant-Petitioner's attempted characterization, the amendment to the VGMVPL is not a "NYC Revival Statute," but an amendment to a specific law. As such, Defendant-Petitioner's argument that the CVA lookback of August 2019 to August 2021 preempts the VGMVPL amendment makes no sense.

**B.** **The First Department Decided That the VGMVPL Is Not Preempted**

    **1.** *Engelman v. Rofe*

In *Engelman v. Rofe*, 144 N.Y.S.3d 20 (1st Dep't 2021), the Appellate Division addressed the issue of state law preemption of the VGMVPL and held that it is not preempted by New York State law. In *Engelman*, the First Department held that the VGMVPL was not preempted by the statute of limitations extensions created in the CPLR, specifically, §§ 215(3) and 214(2). First, the court distinguished between the conduct targeted by the VGMVPL compared to that targeted by the CPLR, finding that:

> [T]he legislative intent of the VGM was to create a civil rights remedy or cause of action such as in [the federal Violence Against Women Act], rather than to extend the statute of limitations for a particular class of assaults as in the CPLR.

144 N.Y.S.3d at 25-26. Second, the court focused on the clear rule in New York that local antidiscrimination laws like those enacted by the New York City Council are generally not preempted by state law, noting that "[t]he VGM's construct is consistent with the City's broad policing power to enact legislation to protect its residents from discrimination, including gender-related violence." *Id.* at 25. Following these principles, the court in *Engelman* held that the VGMVPL was not preempted by the CPLR's limitations contained in § 215(3) and § 214(2). This was particularly true in light of CPLR § 201, which states that all of the times listed in

CPLR Article 2 apply "unless a different time is prescribed by law." As the *Engelman* court held, therefore, "[i]nasmuch as the VGM itself provides a different time than that prescribed in CPLR 214(2), the time prescribed in the VGM controls." *Id*. at 26 (emphasis added).

While the amendment to the VGMVPL did have an impact on the relevant limitations periods, it is not fundamentally a statute that was created for the purpose of extending the statute of limitations, which the CPLR § 214-g (*i.e.*, the CVA) clearly is. The 2022 updates to the VGMVPL were amendments to an entirely separate, stand-alone civil cause of action. Although the decision in *Engelman* is not directly on point its logic is sound and similarly, the VGMVPL is not preempted by the CVA or any other CPLR limitations period.

### C. Other Decisions Follow *Engelman*

*Engelman* is not the only decision that addressed Defendant-Petitioner's proposed preemption notion. The district court in *Doe v. Gooding*, No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y. April 13, 2022), addressed the same preemption argument proposed by Defendant-Petitioner. Importantly, that court similarly rejected the argument. In *Gooding* the plaintiff commenced her action on August 18, 2020, asserting a single cause of action pursuant to the VGMVPL based on her allegation that the defendant had sexually assaulted her on August 24, 2013. The statute of limitations for bringing a claim under the VGMVPL is seven years,

and thus she had filed timely.  *See* N.Y. Code § 10-1105(a) ("A civil action under this chapter shall be commenced within seven years after the alleged crime of violence motivated by gender occurred.").  The defendant in *Gooding* contended that the action should be dismissed because the VGMVPL, a New York City statute, conflicted with CPLR § 215(3), a New York State law.  The court in *Gooding* held that the First Department's decision in *Engelman* was controlling precedent:

> The Court defers to the appellate court's holding that the VGM's seven-year statute of limitations is not preempted. The First Department in Engelman is the only Appellate Division to have considered the issue, and there is no indication that New York's Court of Appeals would decide otherwise.

*Id*. at *2 (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (instructing federal district courts to defer to state intermediate appellate courts unless there are "persuasive data" that the state's highest court would disagree)).  Further, the *Gooding* court held that *Engelman* reached the correct result, reasoning:

> [Defendant's] suggestion that the First Department overlooked principles of preemption law (that the lower court did not) is without merit. To the contrary, *Engelman* rejected the exact argument that Defendant resurrects here: that the CPLR implicitly preempts the VGM, even if it does not do so expressly. The VGM has been on the books for over two decades since its passage in 2000, and Defendant has identified nothing that the state legislature has done during those decades—either expressly or implicitly—to preempt the VGM's statute of limitations or bring it under the ambit of the CPLR.

11

*Id*. at \*3 (citations omitted).  The court in *Gooding* rejected the defendant's attempt to use a 2008 decision by a New York Supreme court, *Cordero v. Epstein*, 869 N.Y.S.2d 725 (N.Y. Sup. Ct. 2008) to argue that the plaintiff's delay in bringing her action violated defendant's Constitutional rights.  Defendant-Petitioner's attempt to use *Cordero v. Epstein* fails because Engelman is controlling.

### D.    The CVA Statute Makes Clear It Does Not Preempt Other Limitations Periods

The plain language of the CVA makes clear that other laws may impose different limitations periods for claims that may also have been actionable under the CVA:

> **Notwithstanding any provision of law which imposes a period of limitation to the contrary** and the provisions of any other law pertaining to the filing of a notice of claim or a notice of intention to file a claim as a condition precedent to commencement of an action or special proceeding, every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age, incest as defined in section 255.27, 255.26 or 255.25 of the penal law committed against a child less than eighteen years of age, or the use of a child in a sexual performance as defined in section 263.05 of the penal law, or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against a child less than eighteen years of age, which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived.

CPLR § 214-g (emphasis added).

In drafting this section of the CPLR, the New York Legislature seems to have anticipated arguments exactly like Defendant-Petitioner's and clearly foreclosed such suggestions by carving out other limitations periods in the very first sentence of the law. Defendant-Petitioner simply ignores this.

## E. There Is No Conflict Preemption

Defendant-Petitioner cannot point to any evidence that the New York State legislature enacted the CVA to "occupy an entire field through a pervasive scheme," because no such evidence exists. First, as noted above, the CVA contemplates other statutory schemes with different statutes of limitations. A law intended to be the exclusive remedy for these claims would simply not include that language. Second, the CVA is not in direct conflict with the VGMVPL. The CVA does not "prohibit what [the] local law explicitly allows." That is, nothing in the CVA prohibits other claims to be brought relating to facts that may have also given rise to a claim under the CVA. As reasoned by the court in *Gooding*, "[t]he VGM has been on the books for over two decades since its passage in 2000, and Defendant has identified nothing that the state legislature has done during those decades—either expressly or implicitly—to preempt the VGM's statute of limitations or bring it under the ambit of the CPLR." *Gooding*, 2022 WL 1104750, *3. Nevertheless, Defendant-Petitioner believes it is necessary to cite cases involving instances where the State has intended

13

for "statewide uniformity in a particular area," such as *Cohen v. Bd. of Appeals of Vill. of Saddle Rock*, 100 N.Y.2d 395, 400 (2003). Doc. No. 2.2 at 12-15. Defendant-Petitioner cites to *Cohen* for the proposition that preemption intent can be "implied from the subject matter being regulated," even though this case is completely inapposite to this action. *Id*. at 13. It is a high burden to show that the State intended to regulate the City law governing gender motivated violence claims and Defendant-Petitioner cannot offer language in the law itself, nor a single case in support of such a far-reaching claim. Where the State has had more than 20 years to exert authority over the City's gender motivated violence act but has done nothing, expressly or implicitly, Defendant-Petitioner's position is without merit.

## II.   A "SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION" <u>DOES NOT EXIST</u>

Here, the Court should deny certification for interlocutory appeal because there is not a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). A "substantial ground for difference of opinion" must "arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." *In re Enron Corp.*, 2007 WL 2780394 at *1 (S.D.N.Y. 2007). This prong may be satisfied when: "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Id*. Additionally, a court must "analyze the strength of the arguments in opposition to the challenged ruling" when assessing this prong. *Id*. A single adverse opinion is not sufficiently

14

"substantial." For example, in *Levy v. Endeavor Air Inc.*, the court acknowledged a split between the First and Second Departments but called one holding "less-than convincing" and ultimately ruled that because "the weight of authority lean[ed] almost unanimously in favor of the [other viewpoint]," a "substantial ground for difference of opinion did not exist." 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024). And other courts have gone further, finding that multiple rulings the other way were insufficient when the court had already "explained why it does not find those decisions persuasive." *Linzy v. Uber Techs., Inc.*, No. 21 Civ. 05097 (ER), 2024 WL 2882186, at *5 (S.D.N.Y. June 7, 2024) (internal citations omitted).

### A.     <u>One Sentence of *Dicta* is Not "Substantial Grounds"</u>

Defendant-Petitioner fails to mention that what he describes as "substantial grounds for difference of opinion" is just one sentence of *dicta* that reads as follows:

> Second, and independent of the prior point, the limitations provision of the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act, substantially for the reasons set forth by the defendant.

*Bellino v. Tallarico*, No. 24 Civ. 0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024), *appeal withdrawn*, No. 24-763, 2024 WL 3170987 (2d Cir. Apr. 4, 2024). *Bellino*, the sole case Defendant-Petitioner cites in support of his motion, failed to analyze the preemption issue beyond this sentence, likely because Judge Kaplan had already identified alternate grounds to dismiss the case.

15

In *Bellino*, the plaintiff alleged that a crime of violence took place in 1975 – but as Judge Kaplan explained, the VGMVPL "was not enacted until 25 years after the alleged crime of violence occurred." 2024 WL 1344075, at *1. It is for that reason, not preemption, that the claim in *Bellino* was dismissed for failure to state a claim. Defendant-Petitioner is incorrect that "almost identical arguments were advanced in both [this case and *Bellino*]." Doc. No. 2.2 at 11. But in *Bellino*, the motion to dismiss went unopposed. *Bellino*, 2024 WL 1344075, at *1. Here, Plaintiff-Respondent's arguments were not "almost identical" to the *Bellino* plaintiff's because that plaintiff advanced none at all. Defendant-Petitioner distorts *Bellino's* facts and holding because the actual opinion reveals nothing remotely close to a "substantial ground for difference of opinion" – it simply contains one line of *dicta* that fails to explain how Judge Kaplan reached his conclusion other than expressing a general agreement with the defendant's brief. The district court thoroughly analyzed the arguments set forth by both parties and concluded that the CVA did not preempt the VGMVPL. Dist. Ct. Doc. No. 106.

As set forth above, other district courts have declined to follow *Bellino*. *E.g. Doe v. Gooding*, No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y. April 13, 2022) (rejecting the same argument made by Defendant-Petitioner here). Generally, a difference of opinion cannot be "substantial" unless there is a <u>certain amount</u> of adverse authority that the court <u>had not already addressed</u>. *See Hermes Int'l*, 590 F.

16

Supp. 3d 647, 656 (S.D.N.Y. 2022) ("[g]ranting interlocutory appeal in every case where a party can cite to a few cases for their position would transform the procedure into a vehicle for a second bite at an appeal wherever there is a difficult issue, a function for which it was obviously not intended"); *U.S. Underwriters Ins. Co. v. Kenfa Madison, LLC,* 2023 WL 5617772, at *4 (E.D.N.Y. 2023) (holding that the "handful of cases" repeatedly cited by the motioning party were not the "requisite conflicting authority on the issue" needed to certify an interlocutory appeal).

Defendant-Petitioner proceeds to cite to other cases having to do with preemption generally and whether claims were time-barred as purported precedent for certifying this case. *E.g. Lansdown Ent. Corp. v. New York City Dep't of Consumer Affairs,* 74 N.Y.2d 761, 765 (1989); *Arizona v. United States,* 567 U.S. 387, 402 (2012); *Crosby v. Nat'l Foreign Trade Council,* 530 U.S. 363, 379 (2000); *New York City Health & Hosps. Corp. v. Council of the City of New York*, 303 A.D.2d 69, 74 (1st Dep't 2003). But these cases do not go to the issue relevant here: whether the CVA preempted the VGMVPL. Instead, they serve to restate Defendant-Petitioner's own argument – the same one that Judge Clarke flatly rejected. Defendant-Petitioner has seized upon *Bellino*'s lone sentence in order to get "a second bit at an appeal." *Hermes Int'l v. Rothschild*, 590 F. Supp. 3d 647, 656 (S.D.N.Y. 2022) (stating that interlocutory appeals are not intended for "every case where a party can cite to a few cases for their position"). Here, Defendant-

Petitioner seeks to prolong this litigation until this Court – or perhaps the New York Court of Appeals – rules on an issue that is not "particularly difficult" at all.

## III. GRANTING DEFENDANT-PETITIONER'S REQUEST WILL NOT PROVIDE IMMEDIATE MATERIAL ADVANCEMENT TO THE TERMINATION OF THE LITIGATION

Lastly, even if this Court finds that the *Bellino* opinion is "substantial," which it is not, it still has grounds to deny Defendant-Petitioner's request. Specifically, the resolution of this appeal is unlikely to provide any "immediate" material advancement to the termination of the litigation in the district court, as this Court would almost certainly need to certify the question raised to the New York Court of Appeals. *See Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 546 (2d Cir.) (certifying a question concerning statutory interpretation of the CVA), *certified question accepted*, 41 N.Y.3d 969 (2024).

"In deciding whether to certify a question to the New York Court of Appeals, [this Court] consider[s] three questions: (1) whether there are authoritative state court interpretations of the statutory language; (2) whether the issue is important to a state policy; and (3) whether certification can resolve the appeal." *Id*. (citing *Nitkewicz v. Lincoln Life & Ann. Co. of N.Y.,* 49 F.4th 721, 729 (2d Cir. 2022).

Here, the New York Court of Appeals has not addressed the preemption question Defendant-Petitioner raises, and although there is an Appellate Division case that touches upon the issue, the district court below acknowledged that the

decision is not quite on point, and therefore there is no authoritative state court interpretations of the statutory language that would allow the Second Circuit to resolve this question absent certification to the highest court of New York State. Second, as made clear in *Jones*, the CVA represents a significant policy interest of the state – indeed, it was described as "a policy interest that was significant enough to warrant the 'extreme exercise of legislative power' that is a claim-revival statute." *Jones*, 96 F.4th at 544 (citation omitted). Third, the New York Court of Appeals' statutory interpretation would resolve the appeal as it would definitively determine whether the CVA preempts the GMVA. Because this test is met, this appeal – if granted – would be certified to the New York Court of Appeals. As a result, Defendant-Petitioner's argument that this Court hearing this appeal would result in speedy resolution of the underlying matter is unconvincing, as the certification process would likely take years to fully conclude.

In sum, the statutory language and legislative intent plainly indicate that the CVA does not preempt the VGMVPL Revival Statute. Nearly all of the applicable case law has reached the same conclusion, and consists of state court decisions, not entirely on point. The only federal decision with a contrary view as compared to the holding of the district court's decision herein is based on a mere sentence of *dicta*. There truly is no ripe division among courts for the Circuit to decide. Section 1292(b) requires far more than what Defendant-Petitioner has provided. *See Hermes*

19

*Int'l*, 590 F. Supp. 3d at 656 ("[g]ranting interlocutory appeal in every case where a party can cite to a few cases for their position would transform the procedure into a vehicle for a second bite at an appeal wherever there is a difficult issue, a function for which it was obviously not intended"). Here, there are not "a few cases" in support of Defendant-Petitioner's position and the challenged issue is straightforward. If Defendant-Petitioner's argument in support of his petition were adopted, the existence of any adverse case law on a determinative issue would warrant an interlocutory appeal – regardless of how much supporting case law existed. The resulting inefficiencies would effectuate the exact issues the court in *Hermes Int'l* spoke of: "vexatious and duplicative litigation, prolonged uncertainty, and endless delay." 590 F. Supp. 3d at 649–50. Unfortunately, that is exactly what Defendant-Petitioner wants.

## <u>CONCLUSION</u>

For the reasons stated above, the Court should deny Defendant-Petitioner's petition to grant an interlocutory appeal.

Dated: December 2, 2024
     New York, New York

Respectfully Submitted,

**WIGDOR LLP**

By: _____
    Douglas H. Wigdor
    Jeanne M. Christensen
    Meredith A. Firetog

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
jchristensen@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff-Respondent*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This petition complies with the type-volume limitations of Fed. R. App. P. 5(c) and 32(c)(2) because it contains 4,918 words, excluding the parts of the petition excluded from the length by Fed. R. App. P. 32(f).

2.      Pursuant to Fed. R. App. P. 32(c)(2), this petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in Times New Roman 14-point font.

Dated: December 2, 2024

Respectfully submitted,

Jeanne M. Christensen