UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-3025

Caption [use short title]: Black v. Doe

**Motion for:** Leave to file a reply brief in support of a petition for permission to appeal pursuant to 28 U.S.C. 1292(b)

Set forth below precise, complete statement of relief sought:

Pursuant to Federal Rule of Appellate Procedure 27(a)(1), Petitioner requests leave to file a reply brief in support of his petition for permission to appeal pursuant to 28 USC 1292(b)

**MOVING PARTY:** Leon Black

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**OPPOSING PARTY:** Jane Doe

**MOVING ATTORNEY:** Michael Carlinsky

**OPPOSING ATTORNEY:** Jeanne M. Christensen

[name of attorney, with firm, address, phone number and e-mail]

Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue New York, New York 10016
(212) 849-7000, michaelcarlinsky@quinnemanuel.com

Wigdor LLP
85 Fifth Avenue New York, NY 10003
(212) 257-6800; jchristensen@wigdorlaw.com

Court-Judge/Agency appealed from: S.D.N.Y. - Hon. Jessica G. L. Clarke

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ Michael B. Carlinsky **Date:** 12/9/2024 Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

Petitioner Leon Black respectfully moves this Court for leave to file a reply in support of his Petition for Permission to Appeal under 28 U.S.C. § 1292(b) ("Petition"). The proposed reply is attached as Exhibit 1. The Federal Rules of Appellate Procedure do not address the filing of a reply in support of a petition for permission to appeal under Section 1292(b). Those rules do, however, generally provide for a reply to any moving party. *See* Fed. R. App. P. 27(a)(4); Fed. R. App. P. 28(c); Local Rule 31.2(a)(2). Further, this Court regularly grants motions for leave to file reply briefs in support of Section 1292(b) petitions. *See, e.g.*, *In re: General Motors LLC Ignition Switch Litig.*, No. 19-4314, ECF No. 48 (2d Cir. Apr. 1, 2020); *Chavez v. Occidental Chem. Corp.*, No. 18-348, ECF No. 34 (2d Cir. Apr. 18, 2018); *Goldman Sachs Grp., Inc. v. Chen-Oster*, 2017 WL 4404574 (2d Cir. Aug. 29, 2017); *PricewaterhouseCoopers LLP v. Laurent*, No. 14-314, ECF No. 31 (2d Cir. Apr. 22, 2014).

As explained in the Petition, immediate appellate review is warranted and consistent with the Section 1292(b) factors. The proposed reply responds to the arguments in Jane Doe's opposition and explains that they only further demonstrate that immediate appellate review is warranted under the Section 1292(b) factors. The proposed reply addresses only issues raised in Ms. Doe's opposition.

For the foregoing reasons, Mr. Black's motion for leave to file a reply should be granted.

Dated: December 9, 2024

Respectfully submitted,

*/s/ Michael B. Carlinsky*

E. Danya Perry
Peter A. Gwynne
PERRY LAW
445 Park Avenue, 7th Fl.
New York, NY 10028
(212) 393-4250

Michael B. Carlinsky
Jennifer J. Barrett
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7000

Susan Estrich (*pro hac vice forthcoming*)
ESTRICH GOLDIN LLP
947 Berkeley Street
Santa Monica, CA 90403
(213) 399-2132

*Counsel for Defendant-Petitioner*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitations of the word limitation established by Fed. R. App. P. 27(d)(2)(A) because it contains 243 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in Times New Roman 14-point font.

Dated: December 9, 2024

Respectfully submitted,

By: *Michael B. Carlinsky*
Michael B. Carlinsky

# Exhibit 1

# 24-3025

## United States Court of Appeals

*for the*

## Second Circuit

LEON BLACK,

*Petitioner,*

– v. –

JANE DOE,

*Respondent.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# REPLY IN FURTHER SUPPORT OF PETITION FOR PERMISSION TO APPEAL AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1292(b)

E. Danya Perry
Peter A. Gwynne
PERRY LAW
445 Park Avenue, 7th Fl.
New York, NY 10028
(212) 393-4250

Michael B. Carlinsky
Jennifer J. Barrett
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Susan Estrich (*pro hac vice forthcoming*)
ESTRICH GOLDIN LLP
947 Berkeley Street
Santa Monica, CA 90403
(213) 399-2132

*Attorneys for Petitioner*

December 9, 2024

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................... 1

ARGUMENT ......................................................................................... 2

I. MS. DOE'S ARGUMENTS AS TO THE MERITS OF THE LEGAL ISSUE ONLY FURTHER UNDERPIN THE BASIS FOR SECTION 1292(b) APPEAL ........................................................................ 2

II. *BELLINO* CREATES A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ON THE QUESTION PRESENTED .............. 3

III. THIS APPEAL PRESENTS A CONTROLLING QUESTION OF LAW AND IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION ..................................................................................... 5

CONCLUSION ..................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bellino v. Tallarico*,
2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ................................................3, 5

*Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*,
462 F.3d 219 (2d Cir. 2006), *abrogated on other grounds by Bond v. United States*, 564 U.S. 211 (2011) ..................................................5

*Capital Records, LLC v. Vimeo, LLC*,
972 F. Supp. 2d 537 (S.D.N.Y. 2013) ..................................................4

*Capitol Records, LLC v. Vimeo, LLC*,
826 F.3d 78 (2d Cir. 2016) ..................................................4

*Chavez v. Occidental Chem. Corp.*,
933 F.3d 186 (2d Cir. 2019) ..................................................6

*Doe v. Gooding*,
2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) ..................................................3

*Engelman v. Rofe*,
194 A.D.3d 26 (1st Dep't 2021) ..................................................2

*Joseph v. Athanasopoulos*,
648 F.3d 58 (2d Cir. 2011) ..................................................6

*Klinghoffer v. S.N.C Achille Lauro*,
921 F.2d 21 (2d Cir. 1990) ..................................................4

*McCall v. Pataki*,
232 F.3d 32 (2d Cir. 2000) ..................................................5

*Mei Xing Yu v. Hasaki Rest., Inc.*,
874 F.3d 94 (2d Cir. 2017) ..................................................4

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013) ..................................................6

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*NLRB v. SW Gen., Inc.*,
580 U.S. 288 (2017)....................2

*People v. Mitchell*,
15 N.Y.3d 93 (2010)....................2

*Sutton v. Tapscott*,
120 F.4th 1115 (2d Cir. 2024)....................6

*Wiener v. AXA Equitable Life Ins. Co.*,
113 F.4th 201 (2d Cir. 2024)....................6

*Zakrzewska v. New Sch.*,
574 F.3d 24 (2d Cir. 2009)....................6

**Rules / Statutes**

28 U.S.C. § 1292(b)....................1, 5, 7

N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a)....................6

**Other Authorities**

*Black's Law Dictionary* (12th ed. 2024)....................2

## INTRODUCTION

Mr. Black's petition presents a paradigmatic case for interlocutory appeal under 28 U.S.C. § 1292(b), squarely meeting all three statutory factors. Ms. Doe's opposition largely ignores these factors, instead focusing on the underlying merits of the appeal—and failing to persuade (or defend much of the district court's reasoning) even on that score. This Court should permit the appeal to proceed.

As an initial matter, Ms. Doe does not dispute that this appeal presents a controlling question of law. In arguing that there is no substantial ground for difference of opinion, Ms. Doe downplays the express split in authority recognized by the district court, concedes that there is no binding New York decision addressing the question before this Court, and advances a host of arguments not accepted by the district court—all of which confirms rather than refutes that a substantial ground of difference of opinion exists. Ms. Doe's argument that immediate appeal would not materially advance the ultimate termination of the litigation—even though a reversal would undisputedly result in a case-ending dismissal—fails on its face. And to the extent Ms. Doe contends this Court would "need to certify" the preemption question to the New York Court of Appeals, Opp. at 18, that is mistaken but further reinforces that this petition presents precisely the type of significant and unsettled question of law for which Section 1292(b) was designed.

## ARGUMENT

### I. MS. DOE'S ARGUMENTS AS TO THE MERITS OF THE LEGAL ISSUE ONLY FURTHER UNDERPIN THE BASIS FOR SECTION 1292(b) APPEAL

Ms. Doe largely argues the merits of the preemption issue rather than the Section 1292(b) factors. Not only do these arguments fail to refute the straightforward grounds for Section 1292(b) appeal, but they also have no basis in the district court's decision and are meritless.

Ms. Doe's lead argument—that the "notwithstanding" clause in the CVA Revival Provision *permits* the application of contrary revival periods—is contrary to the actual meaning of "notwithstanding." *See* Opp. at 7, 12-13. Ms. Doe raised this same argument below, Dist. Ct. Dkt. 69 at 8, and the district court did not credit it, Petition Ex. 1. "Notwithstanding" means "despite," Notwithstanding, Black's Law Dictionary (12th ed. 2024), and thus the notwithstanding clause *forecloses* application of the contrary window created by the VGMVPL Revival Statute, *see, e.g.*, *NLRB v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017) ("A 'notwithstanding' clause … shows which of two or more provisions prevails in the event of a conflict."); *People v. Mitchell*, 15 N.Y.3d 93, 97 (2010) (describing a notwithstanding clause as "the verbal formulation frequently employed for legislative directives intended to preempt any other potentially conflicting statute").

Ms. Doe's reliance on *Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021) and

*Doe v. Gooding*, 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) (applying *Engelman*) is also unpersuasive. Opp. at 9-12. Ms. Doe admits several times in her opposition that neither *Engelman* nor *Gooding* are on point. Opp. at 2, 10, 18-19. Indeed, the district court acknowledged that *Engelman* is inapplicable because it did not involve either one of the statutory provisions at issue here. Petition Ex. 1 at 5. Ms. Doe *concedes* that there are no authoritative decisions squarely addressing this preemption issue. Opp. at 2, 10, 18-19. Thus, not only does Ms. Doe fail to demonstrate that the VGMVPL Revival Statute is not preempted, but she also only reinforces Mr. Black's argument that there is a substantial ground for difference of opinion on this question.

## II. *BELLINO* CREATES A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ON THE QUESTION PRESENTED

Ms. Doe also fails to refute the clearest illustration of a substantial ground for a difference of opinion: Judge Kaplan's decision in *Bellino v. Tallarico*, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024), dismissing a complaint on preemption grounds is irreconcilable with Judge Clarke's decision below. Together, the two decisions present the quintessential example of a substantial ground for difference of opinion. Contrary to Ms. Doe's assertions otherwise (Opp. at 14-15), the fact that *Bellino* is the only decision that conflicts with the district court's order only *supports*

certification as there are only three cases addressing the issue.[1] *See Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 98 (2d Cir. 2017) (reasoning differing district court opinions established substantial ground for difference of opinion); *Klinghoffer v. S.N.C Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (certifying appeal under Section 1292(b) where the issue was "difficult and of first impression"). Indeed, district courts have found a substantial ground for difference of opinion under comparable circumstances. *See Capital Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 552 (S.D.N.Y. 2013) (finding substantial ground where only one other district court had addressed the issue); *see also Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 86-87 (2d Cir. 2016) (acknowledging this Court granted petition for interlocutory review).

Ms. Doe's attempt to paint Judge Kaplan's preemption decision in *Bellino* as dicta is unavailing. *See* Opp. at 15-16. Ms. Doe made this argument below, Dist. Ct. Dkt. 136 at 3-5, and the district court rejected it in certifying the order for immediate appeal, *see* Petition Ex. 2 (granting section 1292(b) certification); Petition Ex. 1 at 13 (recognizing *Bellino* reached a contrary result). Judge Kaplan's

---

[1] On December 5, 2024, Judge Clarke, entered a decision in *Doe v. Combs*, ruling that the VGMVPL Revival Statute was not preempted by the CVA, "[f]or the reasons set forth at length in the Court's prior opinion in *Doe v. Black*." No. 23-cv-10628 (S.D.N.Y.), Dkt. 70 at 4. That decision was entered by the same judge and offered no further reasoning beyond the decision in *Doe v. Black*. In *Combs*, Judge Clarke expressly noted that "[t]he Court certified [the *Doe v. Black*] decision for interlocutory appeal. *Id.* at 4 n.2.

preemption conclusion in *Bellino* was a second and independent rationale for dismissing the complaint, *see Bellino*, 2024 WL 1344075, at *1, and independent rationales are not dicta*, Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 235 (2d Cir. 2006), *abrogated on other grounds by Bond v. United States*, 564 U.S. 211 (2011).

The fact that Judge Kaplan's preemption holding was one sentence or that the motion to dismiss in *Bellino* was unopposed is of no import. Opp. at 15-17. Judge Kaplan found that the VGMVPL was preempted "substantially for the reasons set forth by the defendant," citing specifically to the *Bellino* defendant's memorandum of law spelling out arguments similar to those made by Mr. Black here. *Bellino*, 2024 WL 1344075, at *1, *1 n.6. And while the motion in *Bellino* went unopposed (Opp. at 16), Judge Kaplan nevertheless considered the merits. *See Bellino*, 2024 WL 1344075 at *1; *see also McCall v. Pataki*, 232 F.3d 32, 322-23 (2d Cir. 2000) ("[T]he plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.").

## III. THIS APPEAL PRESENTS A CONTROLLING QUESTION OF LAW AND IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

Ms. Doe cannot refute that this appeal presents a "controlling question of law" and that an appeal would "materially advance the ultimate termination of the litigation." § 1292(b). Reversal of the district court's opinion would immediately

end the litigation at the pleading stage—the paradigmatic example of a controlling question where resolution would materially advance the ultimate termination of the litigation. *See* Petition at 9-10, 16-17.

Ms. Doe's argument that this Court would "almost certainly need to certify" the preemption issue to the New York Court of Appeals (Opp. at 18-19) is presumptuous and overstated. This Court is fully capable of resolving significant questions of state law, just as the district court was (albeit incorrectly in this case). *See Sutton v. Tapscott*, 120 F.4th 1115, 1120-21 (2d Cir. 2024) (resolving CVA interpretation issue); *Wiener v. AXA Equitable Life Ins. Co.*, 113 F.4th 201, 214 (2d Cir. 2024) (applying New York contract law); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (applying New York City Human Rights Law). In any event, even if certification to the New York Court of Appeals were of interest to the Court, this Court has previously certified issues to state courts in Section 1292(b) appeals. *See Chavez v. Occidental Chem. Corp.*, 933 F.3d 186, 202 (2d Cir. 2019); *Joseph v. Athanasopoulos*, 648 F.3d 58, 68 (2d Cir. 2011); *Zakrzewska v. New Sch.*, 574 F.3d 24, 28 (2d Cir. 2009).

Plaintiff's recognition that this case might meet the criteria for certification to the New York Court of Appeals is also a tacit admission that it also meets key criteria for certification under 1292(b). *Compare* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a) (permitting certification to the New York Court of Appeals when

"determinative questions of New York law are involved in a case … for which no controlling precedent of the Court of Appeals exists"); *with* 28 U.S.C. § 1292(b) (district courts may certify orders for interlocutory appeal when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").

## CONCLUSION

For the foregoing reasons, Defendants' petition for permission to appeal should be granted.

Dated: December 9, 2024

Respectfully submitted,

*/s/ Michael B. Carlinsky*

E. Danya Perry
Peter A. Gwynne
PERRY LAW
445 Park Avenue, 7th Fl.
New York, NY 10028
(212) 393-4250

Michael B. Carlinsky
Jennifer J. Barrett
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7000

Susan Estrich (*pro hac vice forthcoming*)
ESTRICH GOLDIN LLP
947 Berkeley Street
Santa Monica, CA 90403
(213) 399-2132

*Counsel for Defendant-Petitioner*

## CERTIFICATE OF COMPLIANCE

1. This reply complies with the type-volume limitations of the word limitation established by Fed. R. App. P. 27(d)(2)(C) because it contains 1543 words.

2. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in Times New Roman 14-point font.

Dated: December 9, 2024

Respectfully submitted,

By: *Michael B. Carlinsky*
Michael B. Carlinsky